## A. L. Schultz and A. F. Schultz, trading as A. L. Schultz & Son, Defendants in Error, v. Herbert Deeming, Plaintiff in Error.

### Gen. No. 20,632.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by A. L. Schultz and A. F. Schultz, trading as A. L. Schultz & Son, plaintiffs, against Herbert Deeming, defendant, in the Municipal Court of Chicago, to recover on a contract for goods sold and delivered. To reverse a judgment for plaintiffs for one hundred and sixty dollars, defendant prosecutes this writ of error.

MARTIN L. WILBORN, for plaintiff in error; JOHN W. SUTTON, of counsel.

VINCENT D. WYMAN, OTTO W. JURGENS and CHARLES E. CARPENTER, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim contradictory.* An averment in a statement of claim that goods were sold to defendant at his request, coupled with a subsequent averment that the goods were delivered to a third person by direction of defendant, and that defendant guarantied payment for the goods, is contradictory, as setting up both a contract of sale and a contract of guaranty.

2. GUARANTY, § 1*—*how term defined.* A guaranty is a promise to answer for the payment of a debt, or the performance of a duty,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by another, who is himself, in the first instance, liable for such payment or performance.

3. GUARANTY, § 34*—*when evidence insufficient to establish.* In an action to recover for goods supplied to a third person, under an agreement which the statement of claim describes both as a sale and as a guaranty that such third person would pay for the goods, evidence *held* to show a sale to defendant, and not a guaranty.

4. SALES, § 329*—*when evidence sufficient to show.* In an action to recover for goods supplied to a third person by direction of defendant, which contract defendant denied that he made, *held* that a finding for plaintiff was properly made on the evidence.